UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| DARIUSH JAHANIAN | ) | Case No. 08-10030-SSM |
| | ) | Chapter 7 |
| Debtor | ) | |
| | ) | |
| CHARLES BARRETT HAVER *et al.* | ) | |
| | ) | |
| Plaintiffs | ) | |
| | ) | |
| vs. | ) | Adversary Proceeding No. 10-1165 |
| | ) | |
| DARIUSH JAHANIAN | ) | |
| | ) | |
| Defendant | ) | |

**MEMORANDUM OPINION**

Before the court is the defendant's motion for summary judgment dismissing Count III of

the complaint.  This is an action to determine the dischargeability of the plaintiffs' claim against

the debtor and to deny him a discharge.  The issue is whether there is a genuine dispute as to

whether the debtor intentionally omitted the plaintiffs as creditors when this case was originally

filed under chapter 13.  After hearing oral argument from the parties on January 4, 2011, the

court took the issues under advisement and is now prepared to rule.

<u>Background</u>

Dariush Jahanian ("the debtor") filed a voluntary petition in this court on January 3,

2008, for adjustment of his debts under chapter 13 of the Bankruptcy Code.  On his schedules, he

listed

1

assets of $1,815,450, secured debt of $594,824, and unsecured debt of $22,707. A repayment

plan was eventually confirmed on April 29, 2008. The plan was to be funded primarily through

the sale of certain real estate titled in the name of a related entity. When the property was not

sold by the date specified in the confirmation order, the chapter 13 trustee brought a motion to

dismiss, which the court denied, setting a new date by which the property had to be sold. After

that date came and went, the debtor voluntarily converted his case from chapter 13 to chapter 7

on February 19, 2010.

The plaintiffs, Charles Barrett Haver and Elaine Haver, allege in their complaint that on

or about March 3, 2008, and August 1, 2008—both dates being *after* the chapter 13 petition was

filed—they entered into contracts with the debtor's construction company, DAR Design, LLC,

for the redesign and renovation of their kitchen. They allege that in entering into the contract

they relied on false statements by the debtor concerning the light fixtures to be installed and false

representations as to whether the company was properly licensed. They further allege that

although they paid the debtor $36,000, the work performed was defective and incomplete in

many respects. Two of the counts in the complaint seek a determination of nondischargeability

under § 523(a)(2), Bankruptcy Code, based on the alleged misrepresentations.

Count III, which is the subject of the present motion, seeks denial of discharge under §

727(a)(4), Bankruptcy Code, based on false oaths or accounts in the bankruptcy case,

specifically the filing of schedules under penalty of perjury that failed to list the Havers as

creditors. Of course, since their own complaint alleges that they did not enter into contracts with

the debtor's company until *after* the chapter 13 petition was filed, it is difficult, to say the least,

to see how they could have had *any* claim against the debtor on the date of the petition, even

2

given the Bankruptcy Code's broad definition of claim, which extends to contingent and

unmatured claims.  § 101(5), Bankruptcy Code.  Of course, once the case converted to chapter 7,

any post-petition, pre-conversion claims were effectively transmuted into prepetition claims, *see*

§ 348(d), Bankruptcy Code, and the debtor would be required to file amended schedules listing

those claims (which the debtor in this case has done).  But the complaint is directed to the failure

of the *original* schedules to list the Havers as creditors.

Notably, the Havers, in response to the summary judgment motion, have forecast *no*

evidence, by way of affidavit or otherwise, that they themselves believe they held a claim against

the debtor on the date the chapter 13 petition was filed.  Rather, they rely exclusively on a fax

letter sent by the debtor's bankruptcy attorney to their attorney on February 16, 2010.  The

Havers had sued the debtor and DAR Designs in the Circuit Court of Fairfax County, Virginia.

After the debtor's bankruptcy attorney filed a suggestion of bankruptcy in the state court, the

Havers' attorney objected that the automatic stay did not apply, since their claim arose post-

petition, and he advised the debtor's attorney that he would seek sanctions for the improper filing

of a suggestion of bankruptcy.  To this, the debtor's attorney replied:

> Attached please find Mr. Jahanian's Notice of Conversion from a chapter 13 to
> chapter 7. Pursuant to Bankruptcy Code section 348(d) your alleged claim will
> now treated as a pre-petition debt and will be included in this chapter 7. Your
> client has been added as a creditor. The automatic stay continues and I will
> inform the court by filing another suggestion.
>
> *  *  *
>
> With regard to the filing of the suggestion as it pertains to the chapter 13,
> although it is moot at this point, I will address your concerns. I do not believe you
> were not [*sic*] informed of all the facts. Mr. Jahanian met Mrs. Haver in
> September of 2007 at this [*sic*] store. Between this time and November he spoke
> with her numerous times and she came to the store to discuss designs and prices
> on at least 3 occasions. In November of 2007 he went to her home to take
> measurements. In the months of November and December he drafted at least three
> (3) different designs and she came to the store multiple times. It was during this

3

time that they entered into a verbal agreement for services. Therefore this claim arose before the filing of petition and could have been included in the chapter 13 vis a vis a modification of the plan had the 13 continued.  Congress intended the definition of "claim" in bankruptcy to be as broad as possible and permit the broadest possible relief as all legal obligations of the debtor no matter how remote or contingent will be able to be dealt with in bankruptcy court.  See Grady v. A.H. Robins Co. 839 F.2d 198 (4th Cir. 1988).

<u>Discussion</u>

I.

Summary judgment may be entered in favor of a party in advance of trial "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Rule 7056, Fed.R.Bankr.P.; Rule 56(c), Fed.R.Civ.P.  In ruling on a motion for summary judgment, a court should believe the evidence of the non-movant, and all justifiable inferences must be drawn in his favor.  *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 255, 106 S.Ct. 2505, 2513, 91 L.Ed.2d 202 (1986); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).  At the same time, the Supreme Court has instructed that summary judgment "is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'"  *Celotex Corp. v. Catrett*, 477 U.S. 317, 327, 106 S.Ct. 2548, 2555, 91 L.Ed.2d 265 (1986).  Additionally, not every dispute as to the facts will preclude the entry of summary judgment, but only those disputes over facts that might affect the outcome of the suit under the governing law.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 248, 106 S.Ct. at 2510.

II.

Among the grounds for denial of discharge in a chapter 7 case is that "the debtor

knowingly and fraudulently, in or in connection with the case made a false oath or account."  §

727(a)(4), Bankruptcy Code.  As the Fourth Circuit has explained, "In order to be denied a

discharge under this section, the debtor must have made a statement under oath which he knew

to be false, and he must have made the statement willfully, with the intent to defraud."

*Williamson v. Fireman's Fund Ins. Co. (In re Williamson)*, 828 F.2d 249, 251 (4th Cir. 1987).

Further, "[b]ecause a debtor is unlikely to testify directly that his intent was fraudulent, the

courts may deduce fraudulent intent from all the facts and circumstances of a case."  *Id.* at 252,

*quoting In re Devers*, 759 F.2d 751, 753-4 (9th Cir. 1985).  Finally, "[t]he false oath made by the

debtor must have related to a material matter."  *Williamson*, 828 F.2d at 251.  The subject matter

of a false oath is "material," and thus sufficient to bar discharge, "if it bears a relationship to the

bankrupt's business transactions or estate, or concerns the discovery of assets, business dealings,

or the existence and disposition of his property."  *Id.* at 252, *citing Chalik v. Moorefield (In re

Chalik)*, 748 F.2d 616, 618 (11th Cir. 1984).  The standard of proof is preponderance of the

evidence.  *Farouki v. Emirates Bank Int'l Ltd. (In re Farouki)*, 14 F. 3d 244 (4th Cir. 1994).

III.

The specific false oath asserted by the plaintiffs is the debtor's intentional omission of

them from the schedules filed at the outset of the case.  As the debtor correctly notes, the Havers

themselves take the position that their contract with DAR Designs was entered into after the

filing of the bankruptcy petition.  Since the schedules are intended to reflect the debtor's

creditors on the date the petition was filed, it logically follows that the debtor had no duty to list

5

the Havers as creditors when he filed schedules in his chapter 13 case. This rather straight-

forward analysis is muddied, to say the least, by the debtor's ill-advised filing of a suggestion of

bankruptcy when the Havers sued him in state court for breach of the contract. When called

upon to explain himself, the debtor's counsel further muddied the waters by asserting that there

had been, indeed, a verbal contract that had pre-dated the filing of the petition.

It is certainly tempting to say that the debtor, having taken the position in the state court

litigation that the contract with the Havers arose prepetition, should be bound to that position in

this litigation. The problem, however, is that the Havers base their dischargeability claim on a

post-petition, not pre-petition, contract. No affidavits were offered by the Havers supporting the

proposition that their contract with the debtor arose prepetition. It is elementary that a plaintiff's

case, at least as to a matter within his personal knowledge, can rise no higher than his own

testimony. More to the point, even if the court were to hold that the debtor was bound by his

characterization of the claim as arising from a prepetition contract, the plaintiffs have proffered

no evidence that the debtor's omission of them from the schedules was willful and done with

intent to defraud. Put another way, it is not sufficient that the Havers (contrary to their own view

of the facts) were creditors on the date the bankruptcy petition was filed; the debtor must have

known or believed *at that time* that they were creditors and must have omitted them for the

purpose of deceiving the trustee and creditors. The fact that the debtor—or at least his attorney

—much later came to the view (whether correct or not) that the Havers were creditors on the

filing date of the petition does not logically give rise to an inference that the debtor himself

believed they were when preparing his schedules two years earlier. Put another way, a mere

rationalization by counsel long after the fact is insufficient to establish, even by a preponderance

6

of the evidence, that the debtor himself was of that belief at the time the petition was filed.  The

assertion that the Havers were creditors of the debtor on January 3, 2008, being further

unsupported by any evidence of the Havers themselves, the court will grant the debtor's motion

for summary judgment and will dismiss Count III, leaving the trial to proceed on Counts I and II.


Date: _____          _____
                                               Stephen S. Mitchell
Alexandria, Virginia                           United States Bankruptcy Judge


Copies to:

Ernest P. Francis, Esquire
Ernest P. Francis, Ltd.
1655 N. Fort Myer Drive, #700
Arlington, VA 22209
Counsel for the plaintiffs

Joseph Michael Langone, Esquire
Law Offices of Joseph M. Langone
11876 Sunrise Valley Dr. Suite 201-C
Reston, VA 20191
Counsel for the defendant